This case involves a personal injury claim under the Tort Claims Act arising out of an assault by a fellow inmate.
The Full Commission has reviewed the prior Decision and Order based on the record of the proceedings before Deputy Commissioner Lawrence B. Shuping Jr. Oral Arguments were waived in this matter. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the Decision and Order.
* * * * * * * * * * * * * *
FINDINGS OF FACT
1. The injury giving rise to the instant claim arose out of a fight between plaintiff and a fellow inmate, Thurman Anderson, that occurred on 7 February 1994 in the long term lock up recreational yard at Caledonia Prison Unit when Mr. Anderson attempted to play basketball in the same area where plaintiff and other long term custody inmates were also playing. Prior to the date in question there had been no problems between plaintiff and his alleged assailant, Thurman Anderson.
2. Although the officer in charge of the unit violated prison policy and procedure by allowing Mr. Anderson, who is a regular closed custody inmate then being held in administrative segregation pending hearing on an alleged violation of prison rules, to recreate with plaintiff and the other long term closed custody inmates in the yard, any injuries that he sustained in the involved fight were the proximate result of plaintiff's own failure to exercise due and reasonable care because it was he who provoked the fight by initially calling Thurman Anderson derogatory names and then striking the first blow when Mr. Anderson responded to plaintiff's derogatory remarks with ones of his own.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSION OF LAW
For the reasons stated in the above Findings of Fact, there was no actionable negligence on the part of any named or unnamed employee, agent, servant or representative of defendant North Carolina Department of Correction at the time complained of proximately resulting in the personal injuries claimed; but rather, those injuries were the proximate result of plaintiff's own failure to exercise due and reasonable care by provoking the fight giving rise hereto.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. IT IS THEREFORE ORDERED that plaintiff have and recover NOTHING and that his claim be DISMISSED with prejudice.
2. Each side shall bear its own costs.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________ DIANNE C. SELLERS COMMISSIONER